*288 Pfeifer, J.,
dissenting.
{¶ 23} The majority opinion is based on this court’s holding in Corban v. Chesapeake Exploration, L.L.C., 149 Ohio St.3d 512, 2016-Ohio-5796, 76 N.E.3d 1089, that the 1989 version of Ohio’s Dormant Mineral Act, former R.C. 5301.56, Sub.S.B. No. 223, 142 Ohio Laws, Part I, 981 (“1989 ODMA”) was not self-executing; I dissented from that holding, and I therefore dissent from the majority’s holding in this case. I would affirm the judgment of the court of appeals.
{¶ 24} I would hold that by operation of the 1989 ODMA, John Noon’s interest was deemed abandoned and was reunited with the surface interest by March 22, 1992; Noon’s interest had not been preserved by a saving event in the 20 years prior to the effective date of the statute nor in the three-year grace period after the effective date of the statute, former R.C. 5301.56(B)(2), 142 Ohio Laws, Part I, at 987. The 1970 and 1977 deeds that mentioned Noon’s interest—but did not transfer it—did not constitute saving events, because in those deeds, the mineral interest was not the subject of a title transaction under former R.C. 5301.56(B)(1)(c)(i), 142 Ohio Laws, Part I, at 986. By the time of the effective date of the 2006 version of R.C. 5301.56, there was no mineral interest remaining for Noon to preserve, so his filing of an Affidavit and Claim to Preserve Mineral Interests in 2012 was a vain act.
{¶ 25} But then, this dissent is a vain act. The multiple questions raised in this appeal about the functioning of the 1989 ODMA have been rendered academic by Corban; those questions arise only if the 1989 ODMA was self-executing—that is, if the mineral interest “deemed abandoned” automatically vested in the owner of the surface estate in the absence of a qualifying saving event. The plain language of the 1989 ODMA indicates that it was self-executing. The three appellate districts that have considered the question—the Seventh District in this case, the Fifth District in Wendt v. Dickerson, Fifth Dist. Tuscarawas No. 2014 AP 01 0003, 2014-Ohio-4615, 2014 WL 5306667, and the Eleventh District in Thompson v. Custer, 2014-Ohio-5711, 26 N.E.3d 278 (11th Dist.)—all concluded that the 1989 ODMA was self-executing. But this court in Corban held to the contrary. In doing so, Corban has simplified the law. All it took was rewriting it.